IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SONIA MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3091 |
| | ) | |
| v. | ) | |
| | ) | |
| RENE A. GARCIA, Individually and in his Official Capacity as an Employee of Saline County, Nebraska, SHERIFF ALAN MOORE, Individually and in his Official Capacity as Director of the Saline County Jail, and SALINE COUNTY, NEBRASKA, a Subdivision of the State of Nebraska, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

This is a 42 U.S.C. § 1983 action alleging that Plaintiff, a pretrial detainee, was subjected to "a series of sexual contacts" over a four-month period in 2008 by correctional officer Rene A. Garcia while Plaintiff was being held in the Saline County Jail in Wilber, Nebraska. Pending before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by defendant Garcia in his official[1] capacity; Sheriff Alan Moore, individually and in his official capacity; and Saline County (filing 9). Plaintiff has not responded to the motion to dismiss.

Plaintiff alleges that Garcia was at all times "acting in the course and scope of

---

[1] Defendants admit that the complaint "arguably sets forth a general description of facts that may constitute a claim for relief that is plausible against Defendant Garcia in his individual capacity." (Filing 10 at CM/ECF p. 2.)

his employment with Defendant State of Nebraska[2] and was under the direct supervision of the other Defendants herein." (Filing 1, Complaint ¶ 11.) Plaintiff also pleads that "[t]he inaction of the other Defendants who failed to properly supervise, train, educate, or discipline its correctional officers such as Defendant Garcia . . . posed an unreasonable risk of serious bodily injury and psychological injury to the Plaintiff," and that such defendants "failed to protect the plaintiff who was under their sole control and custody."  (Filing 1, Complaint ¶ 13.)

Plaintiff claims that Garcia's conduct and the remaining defendants' failure to supervise, train, educate, discipline, and protect violated the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Filing 1, Complaint ¶¶ 12, 13.)  Plaintiff brings her claims pursuant to 42 U.S.C. § 1983 and Neb. Rev. Stat. § 20-148.

### *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations & quotations omitted).  This "plausibility standard" is not one of *probability*, "but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*

---

[2]In another paragraph of the complaint, Plaintiff alleges that Garcia was "an employee of the Saline County, Nebraska." (Filing 1, Complaint ¶ 5.)  Because the State of Nebraska has not been named as a defendant, I shall assume that the complaint seeks to impose liability for the actions of defendant Garcia as an employee of Saline County, Nebraska.

(internal citations & quotations omitted).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (internal citation omitted; quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

### *Garcia & Moore in Official Capacities; Saline County*

"A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (internal citation & punctuation omitted). Therefore, to state a claim against correctional officer Garcia and Sheriff Moore in their official capacities and against Saline County, Plaintiff must allege that the county itself caused the constitutional violation at issue. *Id.*

> In general, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a respondeat superior theory of liability. *Monnell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). But, a local government may be subject to § 1983 liability for "inadequate training of its employees," *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989), "where (1) the [county's] ... training practices [were] inadequate; (2) the [county] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the county]'; and (3) an alleged deficiency in the . . . training procedures actually caused the

3

plaintiff's injury." *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (quoting *City of Canton*, 489 U.S. at 389, 109 S. Ct. 1197).

*Parrish*, 594 F.3d at 997. To satisfy this standard, the plaintiff must demonstrate that "'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 998 (quoting *City of Canton v. Harris,* 489 U.S. 378, 390 (1989)). In other words, the plaintiff must "demonstrate that the county had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Id.* (internal punctuation omitted).

Here, Plaintiff generally alleges, without supporting factual allegations, that the county and the official-capacity defendants failed to properly supervise, train, educate, and discipline its correctional officers and failed to protect Plaintiff. The only factual allegations made in the entire complaint are that Plaintiff "was subjected to sexual contact by Defendant Garcia," including "a series of sexual contacts which occurred . . . on or between February 29, 2008 and July 2008." (Filing 1 ¶¶ 9, 11.) There are no allegations suggesting that Saline County had inadequate procedures related to supervision, training and education, discipline, and inmate protection; that Saline County was deliberately indifferent to the rights of others in adopting such procedures; or that the deficiency in those procedures actually caused injury to plaintiff Martinez or was likely to result in a violation of Plaintiff's constitutional rights. This is not enough to overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50. Therefore, the defendants' motion to dismiss shall be granted as to defendants Garcia and Moore in their official capacities and defendant Saline County.[3]

---

[3]Even if Plaintiff had made sufficient allegations with regard to the failure-to-train issue, the Eighth Circuit Court of Appeals has stated, "we do not believe that there is a patently obvious need to train an officer not to sexually assault women,

4

### *Moore in Individual Capacity*

According to Plaintiff's complaint, Sheriff Moore was the director of the Saline County Jail, where Plaintiff was allegedly subject to a series of sexual contacts by correctional officer Garcia. Plaintiff alleges that Sheriff Moore is liable in his individual supervisory capacity for his failure to supervise, train, educate, and discipline his correctional officers and to protect Plaintiff.

Prison officials can be held liable under section 1983 for "exhibiting deliberate indifference to a substantial risk that a detainee would be sexually assaulted by a guard." *Kahle v. Leonard*, 477 F.3d 544, 554 (8th Cir. 2007). However,

> "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___ U.S. ____, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*. at 1949. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only "'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.'" *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) (quoting *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994)); *see also Wever v.*

---

especially where there is no notice at all that such behavior is likely. An objectively reasonable officer would know that it is impermissible to touch a detainee's sexual organs by forcible compulsion." *Parrish v. Ball*, 594 F.3d 993, 999 (8th Cir. 2010) (in context of sheriff's appeal from district court's finding of official-capacity liability for failure to adequately train deputy sheriff who sexually assaulted pretrial detainee, court reversed, finding "no obvious need to train officers not to sexually assault women," and even if deputy should have been more properly trained, deputy's intentional sexual assault of detainee was "too remote a consequence of such a failure to meet the rigorous causation standard necessary to hold the county liable").

*Lincoln County*, 388 F.3d 601, 606-07 (8th Cir. 2004).

*Parrish*, 594 F.3d at 1001.

### A. Direct Participation

Plaintiff has not alleged that Sheriff Moore "ordered, directed, or even suggested" that Garcia sexually assault Plaintiff. Therefore, Moore's alleged liability cannot be based on his direct participation in any constitutional violation that may have occurred. *Parrish*, 594 F.3d at 1002.

### B. Failures to Supervise, Train, Educate, Discipline & Protect

#### 1. Failure to Supervise

In order for Sheriff Moore to have violated Plaintiff's constitutional rights by failing to supervise defendant Garcia, Plaintiff must show that Sheriff Moore:

> 1) Received notice of a pattern of unconstitutional acts committed by subordinates;
> 2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;
> 3) Failed to take sufficient remedial action; and
> 4) That such failure proximately caused injury to [Plaintiff].

*Parrish*, 594 F.3d at 1002. Plaintiff fails to allege any facts whatsoever that would support any of the elements of a failure-to-supervise claim against Sheriff Moore in his individual capacity.

6

### 2. Failure to Train & Educate

"[A] supervisor's failure to train an inferior officer may subject the superior to § 1983 liability in his individual capacity, where the failure to train amounts to deliberate indifference to the rights of persons with whom the [inferior officer] come[s] into contact." *Parrish*, 594 F.3d at 1002 (internal quotation omitted). "The plaintiff must also prove that the alleged failure to train actually caused the constitutional deprivation." *Id.* (internal quotation omitted).

Again, Plaintiff fails to allege any facts whatsoever to support a claim that Moore failed to adequately train correctional officer Garcia, or that such a failure actually caused any deprivation of Plaintiff's constitutional rights.

### 3. Failure to Protect

The Eighth Amendment[4] requires prison officials to take "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials act unreasonably, and therefore violate the Eighth Amendment, "when they are deliberately indifferent to a substantial risk of serious harm." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (internal quotation omitted). To prove deliberate indifference, the plaintiff must show that (1) when viewed objectively, "the deprivation of rights was sufficiently serious," and (2) the

---

[4] As a pretrial detainee, Plaintiff's section 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, as opposed to the Eighth Amendment. However, the Eighth Circuit Court of Appeals has determined that "[p]retrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). Therefore, Eighth Amendment standards may properly be applied in this case.

prison official had a "sufficiently culpable state of mind"—that is, the official actually knew of the substantial risk and failed to respond reasonably to it. *Id.* (internal quotations omitted).

Plaintiff's complaint alleges no facts from which an inference could be made that Sheriff Moore knew of, and responded unreasonably to, a substantial risk of serious harm. There are no factual allegations that Sheriff Moore knew that Plaintiff was at a substantial risk of being sexually assaulted by defendant Garcia or other correctional officers, or that Moore acted or failed to act, despite his knowledge of this substantial risk of sexual assault. *Kahle*, 477 F.3d at 551.

Therefore, Plaintiff's claim that Sheriff Moore is liable in his individual supervisory capacity for his failure to supervise, train, educate, and discipline correctional officer Garcia and to protect Plaintiff must be dismissed.

### *Conclusion*

Because Plaintiff has failed to plead sufficient factual matter to state a claim for relief as to defendant Rene Garcia in his official capacity, defendant Alan Moore in his individual and official capacities, and defendant Saline County, the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) shall be granted, leaving defendant Rene Garcia in his individual capacity as the only remaining defendant in this case.

IT IS ORDERED:

1. The motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant Rene Garcia in his official capacity; defendant Sheriff Alan Moore, individually and in his official capacity; and defendant Saline County (filing 9) is granted;

2.      Defendant Rene Garcia in his individual capacity is the only remaining defendant in this case.

DATED this 6th day of January, 2010.

> BY THE COURT:
> *Richard G. Kopf*
> United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.